[629 NYS2d 448]

In the Matter of SHELDON ROSENBLUM, an Attorney, Resignor.

Second Department, July 3, 1995

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Diana J. Szochet* of counsel), for Grievance Committee for the Second and Eleventh Judicial Districts.

*John Laurence Kase,* Garden City, for resignor.

### OPINION OF THE COURT

Per Curiam.

Sheldon Rosenblum has submitted an affidavit dated May 12, 1995, wherein he tenders his resignation as an attorney and counselor-at-law *(see,* 22 NYCRR 691.9). Mr. Rosenblum was admitted to the practice of law by the Appellate Division of the Supreme Court, Second Judicial Department, on May 5, 1976.

Mr. Rosenblum acknowledges that he pleaded guilty in the United States District Court for the Eastern District of New York to racketeering charges on May 27, 1994, involving his acceptance of bribes while employed as an attorney for the City of New York, in violation of 18 USC § 1962 (d) and § 1963. He concedes that he would have no defense on the merits to an investigation by the Grievance Committee into allegations of professional misconduct based on the aforesaid acts.

Mr. Rosenblum acknowledges that his resignation is submitted subject to any application which may be made by the Grievance Committee for the Second and Eleventh Judicial Districts for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection of the State of New York pursuant to Judiciary Law § 90 (6-a). He recognizes the continuing jurisdiction of this Court to make such an order. Moreover, Mr. Rosenblum is aware that any order issued pursuant to Judiciary Law § 90 (6-a) may be entered as a civil judgment against him and he specifically waives the opportunity afforded him by paragraph (f) of Judiciary Law § 90 (6-a) to be heard in opposition thereto.

Mr. Rosenblum notes that he is tendering his resignation freely and voluntarily and that he is not being subjected to coercion or duress by anyone. He is fully aware of the implications of submitting his resignation, including the fact that he is barred by the Rules of this Court (22 NYCRR 691.11 [a]) from seeking reinstatement for the minimum period prescribed by law.

Inasmuch as the proffered resignation conforms with the Court Rules, the resignation of Sheldon Rosenblum as an attorney and counselor-at-law is accepted and directed to be filed. Accordingly, Sheldon Rosenblum is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

BRACKEN, J. P., SULLIVAN, BALLETTA, ROSENBLATT and COPERTINO, JJ., concur.

Ordered that the resignation of Sheldon Rosenblum is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Sheldon Rosenblum is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Sheldon Rosenblum shall promptly comply

with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Sheldon Rosenblum is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.

Motion by the petitioner to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4). The respondent was admitted to the practice of law by the Appellate Division, Second Judicial Department, on May 5, 1976.

Upon the papers filed in support of the motion and the resignation proffered by the respondent, it is

Ordered that the petitioner's motion is dismissed as academic in view of the opinion and order of this Court dated July 3, 1995, accepting the respondent's resignation, disbarring him, and striking his name from the roll of attorneys and counselors-at-law.